United States District Court
Southern District of Texas

**ENTERED**

February 18, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MARIA VILLATORO-AVILA, | § | |
| #A-090-968-520, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0360 |
| | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jose Maria Villatoro-Avila ("Villatoro"), has filed a Complaint under Bivens v. Six Unknown Federal Narcotics Agents, 91 S. Ct. 1999 (1971), alleging violations of his civil rights (Docket Entry No. 1). Because Villatoro has not paid the filing fee, he presumably seeks leave to proceed in forma pauperis. Thus, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

Villatoro is currently in custody of the United States
Immigration and Customs Enforcement ("ICE") at the Etowah County
Detention Center in Gadsden, Alabama.[1]  Villatoro sues ICE along
with the Department of Homeland Security ("DHS"); the United States
of America; ICE Director John Morten; DHS Secretary Jeh Johnson;
United States Attorney General Loretta Lynch; Jane Doe Attorney for
the Government; and a John Doe Immigration Judge.[2]

Villatoro challenges a removal order entered by a local
Houston immigration court on November 24, 1999.[3] Without providing
any supporting facts, Villatoro alleges that his removal proceeding
was tainted by "a vast number of constitutional violations,
including the Denial [of] the Right to Assistance of Retained
Counsel, Denial [of] the Right to a Fair Trial, Denial [of] the
Right to the Effective Assistance of Counsel, Racial Discrimination
and Fraud; and criminal acts including, Obstruction of Justice and
Entrapment."[4]  Villatoro seeks declaratory and injunctive relief
from the order of removal.[5]

---

[1]Complaint, Docket Entry No. 1, p. 2

[2]Id.

[3]Id. at 3.

[4]Id.

[5]Id. at 1.

-2-

In addition to his claims concerning the removal order, Villatoro has attached to his Complaint an incoherent supplemental pleading that appears to be directed toward officials at the Etowah County Detention Center.[6]   In that pleading Villatoro asserts that his life is in danger; therefore, he requests a court order removing him from ICE custody at the Etowah County Detention Center and transferring him to a facility in the Houston area.[7]

## II.  **Discussion**

To the extent that Villatoro objects to the removal order entered against him, this court lacks jurisdiction to consider a challenge to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a).  This statute makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal:

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

---

[6]Id. at 4-15.

[7]Id. at 4, 14.

-3-

8 U.S.C. § 1252(a)(5).  The REAL ID Act "divested district courts
of jurisdiction over removal orders and designated the courts of
appeals as the sole forums for such challenges via petitions for
review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007)
(citing 8 U.S.C. § 1252(a)(5)).  Because the REAL ID Act precludes
jurisdiction over complaints of the sort filed in this case, the
court has no authority to consider the proposed claims concerning
Villatoro's removal order.     Accordingly, Villatoro's claims
concerning his removal order must be dismissed without prejudice
for lack of jurisdiction.

    To the extent that Villatoro's claim of life endangerment
implicates the conditions of his confinement at the Etowah County
Detention Center, which is in Alabama, the Southern District of
Texas is not the proper venue for that claim.   See 28 U.S.C.
§ 1391(b) (dictating where a civil action may be brought).    The
court declines to transfer the supplemental pleading that presents
this issue because Villatoro's rambling allegations do not clearly
articulate a viable claim.[8]  Therefore, the court will dismiss the

---

    [8]To the extent that Villatoro requests a transfer from the
Etowah County Detention Center, the court has no authority to
designate his facility of assignment or to interfere with decisions
about his place of confinement. McCord v. Maggio, 910 F.2d 1248,
1250 (5th Cir. 1990) ("Classification of prisoners is a matter left
to the discretion of prison officials," who must have "'broad
discretion, free from judicial intervention, in classifying
prisoners in terms of their custodial status.'") (citation
omitted).   Likewise, a prisoner has no constitutional right to
                                                (continued...)

plaintiff's conditions-of-confinement claim without prejudice to re-filing that claim in the proper forum.

### III.   Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint (Docket Entry No. 1) is **DISMISSED without prejudice.**

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to Jim Turner, Assistant United States Attorney, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this 18th day of February, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8] (...continued)
imprisonment in the facility of his choice.  See Meachum v. Fano, 96 S. Ct. 2532, 2538 (1976); see also Olim v. Wakinekona, 103 S. Ct. 1741, 1745 (1983) (holding that a prisoner has no reasonable expectation of being incarcerated in a particular prison or in any particular state).

-5-